20.1447 and 20.1466 FP Development LLC v. Charter Township of Canton MI Argument not to exceed 20 minutes to be shared by Defendant and Amicus MAP and 20 minutes for Plaintiff Ms. McLachlan, you may proceed for the appellant Thank you  I'm Anne McClory McLachlan appearing for the Defendant, Appellant and Cross-Appellee Charter Township of Canton I'm honored to be among the first arguments in this court since in-person matters are taking place again Since I have Amicus Counsel arguing with me I'm going to kind of approach this argument in reverse order beginning with the arguments or the holdings of the lower court that the lower court got right and that are the subject of the cross appeal With respect to the Eighth Amendment excessive fines claimed by plaintiff in this case plaintiff has conflated throughout its submissions the difference between a fine and a fee and a fee, even as plaintiff acknowledged is something in exchange for a good or service The case of this court, of Shoemaker v. Howell has recognized that a fee charged by a government agency to perform work that was the responsibility of a property owner to perform can be done appropriately without violating the Constitution and as the lower court recognized that type of fee in this instance is remedial, not punitive There could be a criminal aspect to this case though, right? There could be Is there anything more that would have to be done other than sending that notice of violation? Is there some kind of indictment or something else that has to happen? A formal citation with an appearance in court Okay, and that hasn't happened? Correct That didn't happen, okay Correct Did that happen to the neighbor? No, the township filed a nuisance abatement lawsuit in the local circuit court against the neighbor in lieu of proceeding on a criminal violation Has there ever been a criminal prosecution for violation of this ordinance? I don't believe so, but I haven't been the township's attorney for decades so I can't say for sure, but I don't believe so Okay, but there would be another step So there would be another step that would be required There would be another step that would be required and the penalty is a $500 fine It's not payment of the tree fund fees So that violation itself wouldn't involve any of the replacement costs or any of that That's just separate civil side? Correct And is it the prosecutor that just decides whether to do that or not? Yes Okay Thank you With respect to the Fourth Amendment argument we believe that the lower court also correctly ruled that the Fourth Amendment did not apply in this case While the court focused on the open fields doctrine which plaintiff says applies only to searches under the Fourth Amendment the court did recognize that it applies to the people's right to be secure in their persons, houses, papers, and effects And all of the cases on which plaintiff relies to reach an argument that the Fourth Amendment was violated here involve residences Severance v. Patterson, Presley v. Charlottesville, Soldall v. Cook County all involve an easement, a public use of a trail on the plaintiff's property or the wholesale removal and relocation of a mobile home from the plaintiff's property in the Soldall case With respect to the Fifth Amendment arguments or holdings that the lower court got right Loretto is wholly different despite plaintiff's attempts to analogize the two cases In that case, a foreign object, a cable box was required to be placed on the plaintiff's property and remain there Plaintiff has Well here they are required to plant a tree Isn't that an invasion of the property? No, it isn't because it is just simply replacing what was already there and to replace the loss or to mitigate the loss occasioned by the removal of a tree The township planner testified But why would that be, why is that not an invasion? It's simply a mitigation of the removal of the tree and the loss of the benefits that the trees occasion So any regulation that was under the guise of a replacement would be okay? I mean, wouldn't be an invasion? Well I don't think in every single case but in this particular case we're talking about preservation of natural resources which under Michigan law, especially the Michigan Zoning Enabling Act are well within the province of local government So in Loretto, if the ordinates required that they replace a cable on the property that would not be an invasion because it would be mitigation? A cable? It was a cable case, right? Wasn't there a cable in Loretto? In Loretto, yes Yeah, so if the law had said you need to replace a cable on your property with another cable from another company or wherever that would be mitigation also Well, but not in the same circumstance That's requiring something to be added to the property that isn't naturally there and that's something, I think that's a qualitative So the distinction is it's something natural to the property? Yes, I believe so As I began to say earlier the Township Plan had testified that the Township does not tell property owners how to manage their property They give them choices and that's a recognition of the limitations that the Constitution requires They don't say you have to remove that tree or you can't remove that tree Plaintiff has characterized this ordinance as a ban on tree removal which is clearly not the case Trees are permitted to be removed but there are requirements in getting the permit that attend it under the ordinance And with respect to Horn versus Department of Agriculture in that case, the Department of Agriculture required the plaintiff to set aside a specific percentage of its crops and it had no access to it and no ability to sell it or take any other measures that it wanted It was physically taken by the government That is the common thread that runs through all of these cases where takings or seizures have been found The government has exercised an interest in the property at issue there whether it's an easement, a possessory interest ownership interest, dedication or impairing the owner's right to exclude That clearly did not happen in this instance Now turning to the matters that the district court, we feel, aired It correctly ruled that the Penn Central regulatory taking test applied but improperly applied it especially with respect to the economic impact and reasonable investment-backed expectations factors by not reviewing the evidence in the light most favorable to the non-moving party It simply accepted the plaintiff's evidence without any critical eye towards what was really happening And in that regard, the plaintiff did not carry its burden and the court should have Under that particular standard of review the court should have ruled in favor of the township on that issue Is there any evidence in the record of the current value of the property? Any sort of an appraisal? Do we have a sense for what the property was worth before trees were removed as opposed to what the property was worth after? No Does that make a difference at all in terms of arguments? Well, I think it does because you have to compare what was taken If it's a matter of the value of the property before and after the tree removal or even the value of the trees themselves There's nothing in the record Plaintiff did not supply any There's nothing at the time that the lawsuit was filed and nothing at the time that the district court made its ruling in this case What about the value of the trees that are removed, the impact? My understanding is you're using figures from 2006 Is that correct? Yes, that's correct And this valuation occurred in 2018? Yes What accounts... Was there any accounting for the fact that there's a 12-year difference in when the valuation occurred and when the alleged taking occurred to know that that even approximates what the value is today? And I think that the value today would be significantly higher Trees are really expensive Is there anything in the record to that effect? No Not that I'm aware of Nobody came in with any type of evaluation other than that So what is your position as to the timing of valuation? When should that occur? Should we have any kind of a reasonableness as far as the timing approximating when the fine is imposed? Well, the schedule that is adopted by the township is periodically reviewed So whatever the schedule is at the time of the tree replacement or removal should be the value that is assigned at that time I have one more point to make, if I may You can do it quickly Thank you I also would like to point out that the government action in this case under the Penn Central test was disregarded with respect to the Lingle case This was not a physical invasion but was simply a balancing of interests for the common good and the average reciprocity of advantage that applies to all properties in the township I will leave the court with one last point Can I ask a question? I'm curious on the Penn Central What relief are you asking for? Are you asking for a remand because there are material issues of fact on the value in this? Or are you asking for judgment in your favor? Well, either a judgment in our favor or a remand for the district court to enter judgment in our favor Okay, but not a trial on Penn Central? No, I don't think it's necessary because I don't think the plaintiff Carried its burden Carried their burden My amicus counsel will address the Nolan and Dolan arguments that I would like to present but now I'm out of time Thank you I do have one question before you sit down  Because of our time we chose to focus on the merits of the constitutional claims Okay, that's fine Thank you Good morning, your honors May it please the court I'm Richard Norton I'm representing the Michigan Association of Planning and the Michigan Environmental Council as amicus Virtually every state and local land use regulatory program in the United States includes enforcement and review provisions that could easily be characterized as permitting requirements and virtually all of those include conditions that could easily be characterized as actions or mitigation requirements Do you happen to know I'm curious when appraisers do evaluations of parcels of land like this just generally do they value the trees as kind of the timber value or whatever or do they assume that the land is just going to stay the way it is or how do they do that generally? I imagine it depends on the purpose for the evaluation Trees are certainly valued as part of a piece of property If for example there's a condemnation action where the government is taking the trees and the value of those trees are folded into the assessment both on the timber value but I was going to raise the point reviewing the ecological and professional literatures on tree valuation processes and mitigations demonstrates that the values of trees taking all of the values they provide both to the property owner and to the larger community easily can get to multiple thousands to multiple tens of thousands of dollars in values per tree The valuation that the township is using the $300 per tree is not that evaluation of the total benefits that the trees provide it's the replacement cost to bring in a small nursery tree to replace a mature tree so it's kind of an apples and oranges comparison in that sense and if the township were to value trees according to all of the benefits they can provide according to best professional current practice they probably could be assessing much larger fees than they currently are for the replacement costs Did that answer your question? Because the timber value of an individual tree maybe is likely more than the replacement $300, yeah I believe so, sir Did that answer your question? Yeah, no I was trying to get to the the plaintiffs here are attempting to extend Nolan and Dolan heightened judicial scrutiny to virtually every state and local land use regulatory program they're doing that by a very loose definition of what constitutes an exaction by relying on a single statement drawn from the middle of the Kuntz decision by pointing to a single Texas Court of Appeals decision that was purporting to interpret federal law that clearly got it wrong and by ignoring the court's own statements in Nolan and Dolan and Del Monte Dunes and Legal and even Kuntz and persuasive authority from decisions handed down by the 2nd, 4th, 5th, 9th, 10th and federal circuits that all make it clear that Nolan and Dolan analysis only applies when the government is demanding an easement or possessory possessory property interest through the dedication through the conveyance and dedication of those interests If the government demand is anything else then only Penn Central applies Kuntz was a decision that was focusing on the question of whether or not a requirement or provision Are you arguing are you saying by the way I suppose that just categorically there cannot be legislative exactions I'm not even I honestly I don't know that this distinction that has been drawn or been attempted to draw between legislative versus adjudicated decisions makes much sense because even legislative decisions that include provisions for the enforcement of the act you can characterize as adjudicatory so I'm not going to that distinction I'm making I'm drawing the distinction that the Supreme Court has consistently drawn which is the difference between a demand for a physical invasion an ouster the taking the physical possessory possessory interest to the property versus a regulation that attempts to balance the benefit and burdens here the court has been clear Is there a demand here for physical invasion? There is the demand to plant a tree Plant maintaining trees is much more akin to requirements that a property owner maintain conditions in the natural conditions on a site because of the benefit it provides natural conditions that existed that are providing benefits both to the property owner and to the larger community it's not the same thing as demanding that a property owner allow the invasion of something like a physical cable that's in no way serving the interests of the property owner itself What if it were a demand to put up a fence around the property? Would that be considered a could that be a some sort of an exaction if you got a fine for not putting the fence up? I would have a hard time if you're putting up a fence you're not presumably you're putting a fence to keep people out you're not doing it as a way to allow people onto the property Say you're a horse community a horse farm you want to have horse fences around all this property the local government wants that couldn't they could they just say you know put up this fence on your property if you don't we're going to fine you Well in that case putting up a fence is also providing direct benefit to the property owner by allowing maintaining the horses within the property So you would contend in that instance the government could require someone to build a fence on their property and they wouldn't have to there would be no exaction there That would not trigger Nolan and Dolan review because it would not be a demand for an easement or other possessory interest in the property So they could demand the property owner put anything on their property under your reading of Nolan and Dolan and there would be no constitutional violation The Loretto fine for not doing it The Loretto court made clear in its decision that it typically is not uncommon  to require that property owners put in things like fire sprinklers or other kinds of activities to maintain the property in a safe condition safe for the community that benefit both the property owner and the larger community and the Loretto court made clear those are not the kinds of dedication requirements that Loretto speaks to that a physical invasion speaks to The kinds of physical invasion requirements they speak to is a demand for an easement or possessory interest where the government takes control and manages and holds on to the property to the exclusion of the property owner That's not what the township ordinance is doing here The application of Dolan to this case was inapt That ruling by the trial court should be reversed and dismissed That's the primary argument I want to make Arguendo in my last 20 seconds If you decide that Dolan applies I will just assert that the remedy that the township provides for the mitigation of our trees is exactly the kind of roughly proportional level of mitigation that is widely accepted as reasonable and in fact it's the most commonly used approach for mitigating damage from the loss of trees throughout the country So it's just untenable and reasonable to expect the kind of tree specific environmental impact assessment cost benefit analysis that plaintiff is urging on this court That's the kind of test the court expressly rejected in its Dolan decision I'm out of time Thank you Okay Thank you Mr. Norton Thank you Your honors May it please this court The district court rightly held that the ordinance at issue in this case creates an unconstitutional exaction under Dolan and unconstitutional taking under Penn Central I'd like to start today with the exactions claim because regardless of what else may be disputed in this case the parties agreed that at some point the tree ordinance requires mitigation for the use of private property Now I'd like to start where opposing counsel finished off which is whether or not the mitigation required in this case is an exaction The easiest way to resolve this issue is to look at the two mitigation options that were put forward in Koontz and held to be an exaction in that case because they are almost indistinguishable from what the tree ordinance demands In Koontz the property owner had two options He could leave a certain percentage of trees on his property or pay into a tree fund for tree related projects elsewhere in the township That is an exaction and it's subject to the rough proportionality analysis of Dolan Now in Dolan the United States Supreme Court held that mitigation is Koontz I guess I'm curious about this distinction between a demand for an easement or physical possession versus some regulation that is in the common good or whatever it is I guess what is your response to that Is Koontz the response to that argument or is there something I think Koontz is the easiest way to   question because the majority opinion in dissent made the exact same argument that they are making here The Nolan Dolan only applies to demands for an easement or title to property and it didn't apply to monetary exactions or in that case requiring them to leave certain wetlands on the property would not have been an exaction either and the majority did not adopt that approach in fact it rejected it and it said any interest in property the majority opinion held any interest in property that's demanded would be an exaction subject to Nolan and Dolan so Koontz is the best way to attack that argument again under Dolan there are three criteria that any mitigation must meet it has to target a legitimate government interest it has to be roughly proportional to that interest and most importantly when engaged in the rough proportionality analysis the government must engage in an individualized quantifiable assessment of impact that's directly taken from the text of Dolan itself and here the district has the ability      that assessment and the district has the ability to assess the impact of e because and the district has the ability to assess the impact of that assessment and the district has the ability to map  value of the property because the question is the value of the property because the answer is that the value of the property does not       value of the property does not matter. The answer is that the value of the property does not matter. The answer is that the value of the property  matter.    it does matter.  answer is that the value of the property does not matter. The answer is that the value of the property does not matter. the  is that      is that the value of the property did not matter. the answer is that they did not matter. the answer is that they  not   answer is that the value of the property did not matter. the answer is that they did not matter. the answer is not that.    not the answer is not that. The answer is not that. Thank you. If I was in      have never said anything like that. I would have never pretended that I was this person.        was   I would have never pretended that I was this person. I would have never said that I was this person. I would never have said that I was  person. I would never have said that I was this person. I would never say that I was this person. I would never  said that  was this person. I would never have said that I was this person. I would never have   i was this  I don't think that that that was at issue. I don't think that canton would have less of taking would have lumber business and they were taking or constructively possessing the lumber rather than trees that were not central to the sign business that fp development actually has. The point is canton prevents fp from using transforming alienating in this case curing what otherwise would be a nuisance. After all fp asked the township to help prevent flooding and clear the long standing drainage ditch and they declined. So in effect fp was clearing the nuisance and preventing the nuisance. So the operation of the ordinance to constructively possess and prevent that sort of action is a per se taking that can't be justified under the traditional police power to regulate for the health and safety to prevent nuisances whether directly or in anticipation like fire remedies that Mr. Norton mentioned. The district court distinguished horn because the government there could take actual title to the raisins at issue. The horns themselves maintain both physical possession and title to the raisins at issue. All of these cases built on earlier ones that presume that each fundamental attribute of ownership in the bundle of property rights deserves a    health and safety requirement not a taking whatever. But trees just don't fall a conservation ordinance whatever it is doesn't fall into that justification category. It depends on the extent of the regulation. You could get into a  detail but the point is if let's say a regulation applied equally to everyone 20% of your property had to be given to the government for some reason. Even if that was for the common good for the public good equally just because something is for the common  that's still subject to the takings analysis unless it's nuisance abatement or one of these other traditional uses of the police power. Thank you your honor. I would like to respond to  Weldon's argument about Kuntz. Kuntz was a demand for an easement. In that case Justice Alito said that fees in lieu of a dedication could be a monetary exaction but he didn't make a categorical argument about  He made a statement that any fees coming to a municipality or local government in abatement or mitigation of this type of natural resource removal would be an exaction. And he rejected Justice Kagan's dissent not because he was trying to make a     trying to make a categorical argument that the township does provide for rough proportionality and an individualized assessment. Section 5A.05 F has all the considerations that the township has to go through to determine what the specific consequences are that have to be replaced. It's not every tree. It's not even every tree on the property. It's only those that are specifically regulated and defined in the ordinance which have a specific diameter and or are of a specific valuable species. The ordinance doesn't make any distinction between abatement efforts such as this drainage issue, does it? Well, I would, if I may, I would like to address something that Mr. Shapiro said and that is that Mr. Poulsen, the owner of FP Development, requested the township to take care of this drain. That's not true. The township doesn't own the drain. It's a county drain. And the understanding is the ordinance will fine for those trees removed as well. Is that not correct? Well, it could if they are regulated trees. What's the government rationale for fining for removal of trees that prevent drainage? Well, because the tree has other benefits itself that inure to the benefit of the entire community and not just that property owner. But it's automatic. If the tree meets whatever the requirement is in the ordinance, it has to be replaced or you have to pay for it. Right. And that is the individualized assessment. How is that an individualized assessment? Well, it's looking at the specific tree and it's deciding whether or not that tree's removal will cause some impairment of the benefits that the trees are required to. But if it's a certain size or landmark tree and I remove it, I'm going to have to replace it, right? Are you saying that there are some landmark trees that I could replace because it's necessary to stop flooding on my property and I wouldn't have to replace it? The county could say you don't have to pay for that one? Well, they could, yes. Under what? Where? Well, you said the county. The county is the owner of the drain. The township regulates the tree. Okay, well, I'm not trying to be cute. I'm just trying to answer your question. I didn't know if that was just a misnomer. So, I guess you're trying to draw a distinction between the town's interest and the county's interest on this property? With respect to the drain, yes. And you would say that the town could have an interest in keeping the trees, blocking the drainage, notwithstanding that the county has an interest that it would want the trees removed? Oh, no. The county has superior jurisdiction. It's their drain. They decide what happens. So, if there's an interest to be considered here, it's actually the interest that wants the tree removed, which would be the interest that the county policy would say should be removed. No, that's not true. There's no fine here. This is a fee. It's a tree mitigation because, as I indicated, there are other benefits that those trees, even if they're blocking a drain, there are other benefits those trees provide to the community at the same time. So, I want to counsel all of you for your arguments this morning. We do appreciate them. The case will be submitted, and you may call the next case.